USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/16/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
LARRY POUNCY,

                           Plaintiff,

               -v-

ADVANCED FOCUS LLC, et al.,

                          Defendants.
-----------------------------------------------------------------------X

15-CV-6260 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

      By Opinion and Order entered September 25, 2017, the Court granted Defendant's motion for summary judgment in its entirety and denied Plaintiff's motion for summary judgment in its entirety, dismissing all of Plaintiff's claims and closing this case. (Docket No. 120). On October 25, 2017, Plaintiff, proceeding *pro se*, filed a motion for reconsideration of that decision. (Docket No. 124).[1] Upon review of Plaintiff's papers, that motion is DENIED.

      Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012). A district court "has broad discretion in determining whether to grant a motion [for reconsideration]." *Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir. 2000).

---

[1] Local Rule 6.3 specifies that notice of a motion for reconsideration "shall be served within . . . fourteen (14) days after the entry of the judgment." Although "*pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them," *Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995), and Plaintiff waited a full month to file his motion, the Court will nevertheless treat Plaintiff's motion as timely.

Such a motion "is appropriate where 'the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Medisim*, 2012 WL 1450420, at *1 (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003)). "The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted). It is well established that the rules permitting motions for reconsideration must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the [C]ourt." *United States v. Treacy*, No. 08-CR-0366 (RLC), 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009).

Applying those standards here, Plaintiff's arguments fall short. Plaintiff does not point to any evidence or controlling decisions that the Court overlooked. Instead, he simply reasserts arguments that the Court previously considered and rejected in granting Defendants' motion for summary judgment. By way of example, Plaintiff once again cites other recruiters hired by Defendants to a higher rate of pay. (Docket No. 125 ("Pl.'s Mem."), at 15). But the Court rejected Plaintiff's arguments on that score on the first go-around, citing evidence that the other recruiters "were substantially more qualified than [Plaintiff]." *Pouncy v. Advanced Focus LLC*, No. 15-CV-6260 (JMF), 2017 WL 4280949, at *4 (S.D.N.Y. Sept. 25, 2017). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted). In the final analysis, that is all Plaintiff seeks.

Plaintiff seeks reconsideration on two other fronts as well.  First, he complains that the "Court overlooked the fact [that] Defendants failed to answer and respond to [Plaintiff's] motion for judgment [on the pleadings]."  (Pl.'s Mem. 8).  But the Court denied that motion without prejudice as premature, and there is no basis to reconsider that decision.  (Docket No. 50).  Second, Plaintiff seeks reconsideration of the Court's certification that any appeal from its Opinion and Order granting Defendants' summary judgment "would not be taken in good faith," and the Court's denial of *in forma pauperis* status to Plaintiff.  (*See* Pl.'s Mem. 27-30).   But nothing in Plaintiff's motion for reconsideration alters the Court's conclusion that any appeal from the Court's decision would be frivolous.  *See Pouncy*, 2017 WL 4280949, at *8.(citing *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962)); *see also, e.g.*, *Corrado v. Cheng*, No. 15-CV-7221 (SJF), 2017 WL 5495813, at *3 (E.D.N.Y. Mar. 28, 2017) (denying reconsideration "of the Court's certification that any appeal of the [court's prior order] would not be taken in good faith" where "Plaintiff fails to identify facts or arguments that the Court overlooked").  Accordingly, reconsideration of Plaintiff's *in forma pauperis* status on appeal is also denied.

The Clerk of Court is directed to terminate Docket No. 124 and to mail a copy of this Memorandum Opinion and Order to Plaintiff.  The case remains closed.

SO ORDERED.

Date: April 16, 2018
New York, New York

JESSE M. FURMAN
United States District Judge