

N.Y.S.D. Case #
15-cv-6260(JMF)

17-3455
Pouncy v. Advanced Focus, LLC

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of April, two thousand nineteen.

PRESENT:
  JOHN M. WALKER, JR.,
  GUIDO CALABRESI,
  DEBRA ANN LIVINGSTON,
    *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Aug 23 2019

_____

**Larry Pouncy,**

  *Plaintiff-Appellant*,

  v.                                                                                    17-3455

**Advanced Focus, LLC, Todd Biederman, Founder and CEO, Bradley (Brad) Solomon, President, Sara Solomon-White, Vice President,**

  *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:        Larry Pouncy, *pro se*, New York, NY.

FOR DEFENDANTS-APPELLEES:    Andrew Marks, Esq., Dorf & Nelson LLP, Rye, NY.

**MANDATE ISSUED ON 07/09/2019**

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Larry Pouncy, *pro se*, brought an action in the United States District Court for the Southern District of New York (Furman, *J*.) against his former employer, Advanced Focus, LLC ("AF"), and several of its executives, alleging claims under Title VII of the Civil Rights Act of 1964, Section 1981 of the Civil Rights Act of 1866, the New York City Human Rights Law (the "NYCHRL"), the Equal Pay Act (the "EPA"), and New York Labor Law §§ 190–91; he also alleged a state tort claim for intentional infliction of emotional distress ("IIED").  The defendants and Pouncy cross-moved for summary judgment.[1]  On September 25, 2017, the district court granted defendants' motion, denied Pouncy's cross-motion, and dismissed the case.  Pouncy argues on appeal that the district court erred by granting summary judgment to the defendants and denying his cross-motion. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review grants of summary judgment "*de novo*, construing the facts in the light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor." *Burns v. Martuscello*, 890 F.3d 77, 83 (2d Cir. 2018).  Summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  When, as in this case, both sides move for summary

---

[1] Pouncy received *Vital* notice.  *See Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620–21 (2d Cir. 1999).

2

judgment, courts "are required to assess each motion on its own merits and to view the evidence in the light most favorable to the party opposing the motion, drawing all reasonable inferences in favor of that party." *Wachovia Bank, Nat'l Ass'n v. VCG Special Opportunities Master Fund, Ltd.*, 661 F.3d 164, 171 (2d Cir. 2011).

We affirm for substantially the reasons stated in the district court's well-reasoned and thorough September 25, 2017 Opinion and Order. As the district court correctly determined, the *McDonnell Douglas* framework is applicable to Pouncy's discrimination claims. *See Ya-Chen Chen v. City Univ. of New York*, 805 F.3d 59, 74–76 (2d Cir. 2015); *Belfi v. Prendergast*, 191 F.3d 129, 135 (2d Cir. 1999). The district court also correctly determined that the defendants had legitimate, nondiscriminatory reasons for declining to promote Pouncy or increase his pay relative to other AF employees—namely, that Pouncy was significantly less qualified than those who were promoted ahead of him or who received higher pay than him. *Cf. Byrnie v. Town of Cromwell*, 243 F.3d 93, 103–05 (2d Cir. 2001) (determining that an employer's assessment of job qualifications is a legitimate reason for failing to hire a candidate under Title VII), *superseded in part and on other grounds by* Fed. R. Civ. P. 37(e). Pouncy failed to offer sufficient evidence of pretext to meet his burden and overcome defendants' legitimate reasons for their actions.

Pouncy's hostile work environment claims fail for similar reasons—he did not establish that any hostility he faced in the workplace was "because of" his race. *See Littlejohn v. City of N.Y.*, 795 F.3d 297, 320–21 (2d Cir. 2015) (Title VII); *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 20 n.4 (2d Cir. 2014) (42 U.S.C. § 1983); *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109–10 (2d Cir. 2013) (NYCHRL). As for Pouncy's retaliation claims under Title VII and NYCHRL, because Pouncy did not show that he engaged in any *protected activity* for

3

which he was retaliated against, both claims necessarily fail. *See Ya-Chen Chen*, 805 F.3d at 70, 76; *cf. Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 292 (2d Cir. 1998) (determining that no protected activity took place because none of plaintiff's complaints referred to her gender). Pouncy's IIED claim also fails, because he did not present evidence that any of the defendants acted in a manner even approaching the rigorous "outrageous conduct" standard required under New York law. *See Murphy v. Am. Home Prods. Corp.*, 58 N.Y.2d 293, 303 (N.Y. 1983) (noting that IIED conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized [society]" (internal quotation marks omitted)). Finally, Pouncy's New York Labor Law claims fail because AF paid him in accordance with both parties' agreed terms of employment. *See* N.Y. Lab. Law § 191(1)(c).

The district court correctly granted defendants' motion for summary judgment on each claim and correctly denied summary judgment to Pouncy. We have considered all of Pouncy's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit